**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4998

MACEE ANTHONY PASSEE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Samuel G. Wilson, Chief District Judge.
(CR-97-42)

Submitted: January 12, 1999

Decided: February 8, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael T. Hemenway, Charlottesville, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Macee Anthony Passee appeals his conviction and sentence for conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994), and possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). For the following reasons, we affirm.

Passee was named in both counts of a two-count indictment. Count one charged that Passee and Latrese Taylor conspired to posses with intent to distribute cocaine base and count two charged that Passee and Taylor did unlawfully possess with intent to distribute cocaine base or did aid and abet one another to distribute cocaine base.

On the day set for both defendants' trial, Taylor pled guilty to both counts of the indictment pursuant to the terms of a written plea agreement. On the same day, Passee proceeded to trial. Prior to his trial, Passee requested information from the Government as to whether Taylor would be testifying and, if so, whether she would testify under any agreement with the Government. The Government answered that although Taylor would be testifying, she would not be testifying pursuant to any agreement with the Government.

During Passee's trial, Taylor testified as a Government witness and directly implicated Passee. Upon cross-examination, Taylor denied that any promise had been made to her in exchange for her testimony. The jury found Passee guilty on both counts and the matter was set for sentencing.

Approximately three months later, before Passee's scheduled sentencing hearing, Taylor's counsel informed Passee's counsel that Taylor had testified under an agreement with the Government and that the Government would make a downward departure motion at Taylor's

2

sentencing in exchange for her testimony. At Passee's and Taylor's joint sentencing hearing, Passee moved for a mistrial alleging that Taylor testified pursuant to an agreement with the Government, which had not been disclosed to Passee prior to or during his trial, and that the nondisclosure severely prejudiced him. The district court denied the motion.

After the presentation of Passee's presentence report, the district court imposed a sentence of 200 months imprisonment. Passee subsequently moved for a new trial based on newly discovered evidence and submitted, as an exhibit in support of his motion, Taylor's Motion To Compel Specific Performance. Taylor's motion was signed by her counsel and alleged that the Government had agreed to make a downward departure motion from her guideline range depending on her testimony at Passee's trial. At the joint sentencing hearing, the district court denied Taylor's Motion for Specific Performance after finding that the only valid agreement between Taylor and the Government was the one she entered into on the date she pled guilty, which did not include a promise of a downward departure motion from the Government.

The district court denied Passee's motion for a new trial without holding a hearing. The court found that it had heard Taylor state under oath on two occasions her understanding of her plea agreement and that her understanding contradicted Passee's claim. The court further found that, when it heard Passee's prior motion for a mistrial, Passee offered no evidence to support his allegation and reasoned that Passee could have called Taylor as a witness in support of his prior motion. The court also noted that Passee could have filed an affidavit in connection with his motion for a new trial or suggested why he could not file an affidavit. The court concluded that Passee's contradicted and unsupported allegations merited no additional inquiry and denied his motion for a new trial.

On appeal, Passee claims that the district court erred in denying his motion for a new trial based on newly discovered evidence without holding an evidentiary hearing. Passee also claims that the district court erred in imposing a two-level enhancement of his offense level for his role in the offense as a leader or organizer pursuant to U. S. Sentencing Guidelines Manual § 3B1.1(c) (1997), and by denying a

3

two-level reduction of his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

A district court's denial of a motion for a new trial will not be set aside absent an abuse of discretion. See United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992). An abuse of discretion occurs when a judge fails completely to exercise discretion, fails to use judicially recognized factors that apply in the context of the case, or exercises his discretion based upon erroneous factual or legal premises. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court may grant a new trial for newly discovered evidence only when the following criteria are met: (i) the evidence must in fact be newly discovered since the trial; (ii) facts must be alleged from which the court may infer diligence on the movant's part; (iii) the evidence on which the court relies must not be merely cumulative or impeaching; (iv) the evidence must be material to the issues involved; and (v) the evidence must be such that, on a new trial, it would probably produce an acquittal. See United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). If all the criteria are not met, the motion for a new trial must be denied. See id.

Passee fails to satisfy the first requirement for a new trial, because he offered no new evidence. Rather, he only offered allegations that Taylor had an undisclosed agreement with the Government whereby the Government promised to make a downward departure motion at her sentencing in exchange for her testimony at Passee's trial. Although Passee submitted Taylor's Motion to Compel Specific Performance as an exhibit in support of his motion for a new trial, it contained nothing more than Taylor's unsupported allegations regarding her alleged agreement with the Government and the district court denied Taylor's motion. As the district court noted, Passee could have filed an affidavit in connection with his motion for a new trial or explained why he could not file one. Because Passee does not satisfy the first requirement of the Chavis factors, it is unnecessary to review the remaining factors. See id.

Passee next claims that the district court erred in imposing a two level enhancement of his offense level for his role in the offense. The Government was required to prove Passee's role in the offense by a preponderance of the evidence. See McMillan v. Pennsylvania, 477

4

U.S. 79, 91 (1986). Furthermore, the sentencing court's determination that Passee is an organizer or leader is subject to the clearly erroneous standard of review. See United States v. Smith , 914 F.2d 565, 569 (4th Cir. 1990).

Taylor testified that she had been recruited in New York by Passee to carry crack cocaine to West Virginia in exchange for a fee. Her testimony was consistent with her statement to the police at the time of her arrest. To the extent that Passee challenges Taylor's credibility on appeal, we cannot review the district court's credibility determination. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Her testimony was sufficient to establish Passee's leadership role. Therefore, we find that the district court did not clearly err in finding that the Government proved by a preponderance of the evidence that Passee was a leader or organizer of the conspiracy.

Lastly, Passee contends that the court erred by denying a two-level reduction of his offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1(a). Again, we review the court's factual determination regarding whether to apply § 3E1.1 under the clearly erroneous standard. See United States v. Myers, 66 F.3d 1364, 1372 (4th Cir. 1995). The district court found that, based upon Taylor's testimony and the corroborating evidence, Passee had not accepted the full extent of his responsibility for his participation in the offense. Further, the district court's finding was made in light of Passee's continued denial of his leadership role. Therefore, we find that the district court did not clearly err in finding that Passee failed to accept responsibility for his offense.

Accordingly, we affirm Passee's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5